IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO SERNA,

      **Plaintiff,**

v.                                                       Civ. No. 23-76 MLG/JFR

FNU ANDRADE,

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3) and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 12. On August 21, 2023, Plaintiff filed a *Motion for Summary Judgment* (Doc. 18); on September 25, 2023, Plaintiff filed a *Motion to Rule in My Favor* (Doc. 21); on October 12, 2023, Plaintiff filed a *Motion to Rule* (Doc. 24); and on February 12, 2024, Plaintiff filed a *Motion to Rule* (Doc. 35) and a *Motion for Summary Judgment* (Doc. 36) (collectively, "Motions"). Defendant has not filed responsive pleadings. For the reasons that follow, the Court recommends that the presiding judge **DENY** the Motions without prejudice.

### I. BACKGROUND

Plaintiff, incarcerated and proceeding pro se, filed a Complaint against Defendant on January 26, 2023, alleging medical negligence and deliberate indifference to Plaintiff's medical needs. Doc. 1. Thereafter, Plaintiff filed a number of motions, including those at issue here. On December 6, 2023, the undersigned ordered Defendant to file a report pursuant to *Martinez v.*

---

[1] By Order of Reference filed June 22, 2023, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 12.

*Aragon*, 570 F.2d 317, 320 (10th Cir. 1987), in lieu of engaging in tradition discovery, because prisoner suits are exempt from ordinary case management and discovery procedures under D.N.M.LR-Civ. 16.(d), 26.3(a)(1).  Doc. 26.  Therein, the Court notified the parties that it may use the *Martinez* Report to decide motions for summary judgment.  *Id.*  The Court has extended the deadline for Defendants to file their *Martinez* Report and for Plaintiff to respond, and at present it is due on April 8, 2024.  Doc. 39.

## II. ANALYSIS

**A.      Summary Judgment Standard**

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  "The movant bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial."  *Whitehead v. Mgmt. & Training Corp.*, 524 F. Supp. 3d 1155, 1166 (D.N.M. 2021) (internal quotation marks and citations omitted).  "A dispute if genuine if there's enough evidence on each side that a rational trier of fact could resolve the issue either way."  *Rose ex rel. Rose v. Brown*, 14 F.4th 1129, 1138 (10th Cir. 2021).  A showing that "no genuine issue as to any material fact" exists is made through "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotation marks and citation omitted).  In other words, the entry of summary judgment generally occurs "after adequate time for discovery."  *Wicks v. United States*, 304 F. Supp. 3d 1079, 1089 (N.D. Okla. 2018).

In the resolution of a summary judgment motion, the Court construes the evidence before it "in the light most favorable to the non-moving party." *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016) (internal quotation marks and citation omitted). But the Court will not weigh evidence or decide issues of credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). "For purposes of summary judgment, a prisoner's pleadings are treated as evidence if they allege specific facts based on the prisoner's personal knowledge and have been subscribed under penalty of perjury." *Whitehead*, 524 F. Supp. 3d at 1167 (D.N.M. 2021) (citations omitted).

**B.      Plaintiff's Motions are Premature**

Plaintiff seeks the same relief in each of his Motions. Doc. 18 at 1 ("I move the Court grant me favor in this suit."); Doc. 21 at 1 (describing allegations and stating "I believe this is more than enough evidence to rule in my favor"); Doc. 24 at 1 ("I humbly ask the Court to rule in my favor."); Doc. 35 at 1 ("I ask the Court to judge in my favor. There is no dispute as to the facts of the case."); Doc. 36 at 1 ("I believe by the Court I am entitled to summary judgment."). So, the Court treats each as a motion for summary judgment. *See Bertolo v. Raemisch*, No. 17-CV-773, 2020 WL 132764, at *4 (D. Colo. Jan. 13, 2020) (noting, with respect to pleadings filed by a pro se plaintiff, that "[t]he Court is not bound by a pleading's title, but may consider the substance" (citing *United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019)). As noted above, it is generally inadvisable to grant summary judgment before the parties have engaged in meaningful discovery. *See Wicks*, 304 F. Supp. 3d at 1089. That has not yet happened in this case as Defendants' *Martinez* Report remains outstanding.

The question properly resolved in summary judgment proceedings is whether there are genuine factual disputes to try. *See Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475

U.S. 574, 586-87 (1986).  Because the parties have yet to engage in discovery that will guide the answer to this question, in the Court's view, an informed ruling on Plaintiff's Motion cannot be had at this time, and "summary judgment is premature."  *Zurich. Am. Ins. Co. v. Ascent Constr., Inc.*, No. 20-CV-89, 2022 WL 280779, at *2 (D. Utah Jan. 31, 2022) (denying without prejudice a motion for summary judgment while discovery was still ongoing, because deciding the motion before the close of the discovery period "would effectively prevent the parties from developing the factual record, thereby undermining the Court's ability to accurately determine whether there is 'no genuine issue of material fact' on the relevant issues" and noting that "[i]t is in the interests of justice for the court to defer its ruling on summary judgment until the relevant facts have been developed through the discovery process and the parties have had the opportunity to incorporate these facts into their briefing").

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the presiding judge **DENY** Plaintiff's Motions (Docs. 18, 21, 24, 35, and 36) **WITHOUT PREJUDICE.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

JOHN F. ROBBENHAAR
United States Magistrate Judge